# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52618 & 52645

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>COURTNEY ANNE KELTON,<br><br>      Defendant-Appellant. | )<br>)  **Filed:  May 18, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai and Bonner Counties. Hon. Ross D. Pittman, District Judge.

Judgments of conviction and suspended, unified sentences of four years, with minimum periods of confinement of two years, for two counts possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In these consolidated cases, Courtney Anne Kelton pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), in Bonner County. In exchange for her guilty plea, additional charges were dismissed. In Kootenai County, Kelton pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1).[1] Sentencings in these cases were consolidated. The district court

---

[1] Kelton also pled guilty to and was sentenced for a misdemeanor. This judgment of conviction and sentence are not an issue on appeal.

sentenced Kelton to concurrent, unified terms of four years, with minimum periods of confinement of two years. The district court suspended the sentences, retained jurisdiction, and sent Kelton to participate in the rider program. Following completion of her rider, the district court suspended the sentences and placed Kelton on probation. Kelton appeals, arguing that her underlying sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Kelton's judgments of conviction and sentences are affirmed.